UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ROBERTA A. DeANGELIS
ACTING UNITED STATES TRUSTEE, REGION 3
Jeffrey M. Sponder, Esq. (JS 5127)
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| BBSR Management, LLC, | : | Case No. 10-10882 (GMB) |
| *d/b/a* Barnacle Ben's Seafood Restaurant | : | |
| | : | |
| Debtor. | : | Hearing Date: March 22, 2010 |
| | : | at 11:30 a.m. |
| | : | |
| | : | **ORAL ARGUMENT REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE
ACTING UNITED STATES TRUSTEE FOR AN ORDER CONVERTING
THE CASE TO CHAPTER 7 OR, IN THE ALTERNATIVE, DISMISSING
THE CASE PURSUANT TO 11 U.S.C. §1112**

THE ACTING UNITED STATES TRUSTEE ("Acting UST"), by and through counsel,

in furtherance of her duties and responsibilities, hereby respectfully moves for an Order

Converting this Chapter 11 Case to a Chapter 7 Case or, in the Alternative Dismissing the Case

pursuant to 11 U.S.C. § 1112(b).  Under 28 U.S.C. § 586(a)(8), the Acting UST has a duty to

"apply promptly" to this Court after finding material grounds for seeking relief under 11 U.S.C.

§ 1112 of the Bankruptcy Code ("Code").  This duty is part of the Acting UST's overarching

responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See*

*United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294,

295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307

which goes beyond mere pecuniary interest); *Morgen stern v. Revco D.S., Inc. (In re Revco D.S.,*

*Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

    1.      On January 13, 2010, the above captioned Debtor filed a voluntary petition for

relief under Chapter 11 of title 11, United States Code, and has remained in possession of its

property and management of its affairs.

    2.      Debtor's case was identified as a small business case.

    3.      There is no unsecured creditors' committee in this case.

    4.      The docket further reflects that on January 13, 2010, the Court filed a Notice of

Missing Documents (docket entry 2) advising that all incomplete filings ("Missing Documents")

were due by  January 27, 2010.

    5.      On January 28, 2010 an Order was entered granting Debtor an extension to file

Missing Document to February 10, 2010.

    6.      A Meeting of Creditors held pursuant to 11 U.S.C. § 341(a) ("Meeting of

Creditors") was scheduled for February 11, 2010 at 2:00 p.m.

    7.      The Debtor failed to appear for the Meeting of Creditors.

    8.      To date, the Debtor has failed to file its Missing Documents.

    9.      Code § 1112(b)(1), as amended by the Bankruptcy Abuse Prevention and

Consumer Protection Act of 2005 ("BAPCPA"), provides:

    Except as provided in paragraph (2) of this subsection,[1] subsection (c) of this

---

[1]
```
11 U.S.C. § 1112(b)(2) states:

    The relief provided in paragraph (1) shall not be
```

section,[2] and on request of a party in interest and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

10.    "Cause" is defined in Code § 1112(b)(4) as including –

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(B) gross mismanagement of the estate;

(C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

---

granted  absent  unusual  circumstances  specifically
identified by the court that establish that such relief
is  not  in  the  best  interests  of  creditors  and  the
estate,  if  the  debtor  or  another  party  in  interest
objects and establishes that –
        (A)   there is a reasonable likelihood that
a  plan  will  be  confirmed  within  the  time  frames
established  in  sections  1121(e)  and  1129(e)  of  this
title,  or  if  such  sections  do  not  apply,  within  a
reasonable period of time; and
        (B)   the grounds for granting such relief
include  an  act  or  omission  of  the  debtor  other  than
under paragraph (4)(A) –
                (i)   for which there exists a reasonable
                      justification   for   the   act   or
                      omission; and
                (ii)  that will be cured within a reasonable
period of time fixed by the court.

[2]

11 U.S.C. § 1112(c) states:

        The court may not convert a case under this chapter to
        a case under chapter 7 of this title if the debtor is a
        farmer or a corporation that is not a moneyed, business,
        or commercial corporation, unless the debtor requests
        such conversion.

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28;

(L)  revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a specific condition in the plan; and

(P) failure of the debtor to pay domestic support obligation that first becomes payable after the date of the filing of the petition.

11.    The causes for conversion or dismissal enumerated in Code §1112(b) are not exclusive and the court has broad discretion in determining cause .  King, *Collier on Bankruptcy*, Vol. 7, ¶ 1112.01(2)(a) (15th Rev'd Ed.).

12.    The failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor is "cause" for conversion or dismissal pursuant to 11 U.S.C. § 1112(b)(4)(G).

13.    The unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter is "cause" for conversion or dismissal pursuant to 11 U.S.C. § 1112(b)(4)(F).

14.    The Acting UST submits that conversion would be in the best interest of

creditors.

Conversion would result in the appointment of an independent trustee who would liquidate any assets and investigate whether there are any avoidance causes of action which might lead to a distribution to creditors.  Upon information and belief, by and through Debtor's counsel, the Debtor consents to this conversion.

WHEREFORE, for the foregoing reasons, the Acting UST respectfully requests that this Court enter an Order either Converting the Case to Chapter 7, or in the Alternative, Dismissing the Case, and such other and further relief that is deemed just and equitable.

Respectfully submitted,

ROBERTA A. DeANGELIS
ACTING UNITED STATES TRUSTEE
REGION 3


*/s/ Jeffrey M. Sponder*
Jeffrey M. Sponder
Trial Attorney

DATED: February 23, 2010